United States Courts
Southern District of Texas
FILED

SEP 16 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELEANOR JANICE LAW, § § § versus § CIVIL ACTION NO. _____ § § Loretta E. Lynch, United States Attorney § **16-2799** General, Department of Justice, *in her* § *official capacity*; Avner Michael Shapiro, § Assistant Attorney General, *in his official* § *capacity* and Julie Abbate, Assistant § Attorney General, Deputy Chief, Special § Litigation Section, *in her official capacity* § | |

## ORIGINAL COMPLAINT
### EMPLOYMENT DISCRIMINATION AGE, RACE, GENDER

1. PLAINTIFF MAKES DEMAND UNDER FRCP 38, FOR TRIAL BY JURY.

2. This action is brought under Title VII of the Civil Rights Act of 1964 for employment (age, race, gender) discrimination, as well as under Age Discrimination in Employment Act of 1967 (ADEA) as amended. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

3. The Plaintiff is:      Eleanor Janice Law    Email: ejalaw@comcast.net

     Address:      5137 Doliver Drive

                          Houston, Texas 77056

     County of Residence:      Harris

4. The defendant is:      Loretta E. Lynch

                          Attorney General for the United States

     Address:      Department of Justice

                          10th and Constitution Ave. NW

                          Washington, D.C. 20530

1

☑ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

Avner Michael Shapiro
Assistant Attorney General
Department of Justice
10th and Constitution Ave. NW
Washington, D.C. 20530

Julie Abbate
Assistant Attorney General, Deputy Chief, Special Litigation Section
Department of Justice
10th and Constitution Ave. NW
Washington, D.C. 20530

5. The plaintiff has attached to this complaint as Plaintiff's Exhibit #1 a copy of the charges filed on November 24, 2012 with the Equal Employment Opportunity Commission.

6. On or about the date of July 30, 2016, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached as Plaintiff's Exhibit #2.

7. Because of the plaintiff's:

(a) ☑ race

(b) ☑ age

(c) ☑ sex

(d) ☐ religion

(e) ☐ national origin,

The defendant has:

(a) ☑ failed to employ the plaintiff

(b) ☐ terminated the plaintiff's employment

(c) ☐ failed to promote plaintiff

(d) ☑ other: Discriminated against Plaintiff in hiring for 3 identical trial attorney positions posted as a unit:

1) Age: Hired two younger attorneys who failed to meet minimum job requirements listed, and were/are significantly less qualified than Plaintiff.

2) Race: Hired a Black attorney who failed to meet listed job requirements and was/is significantly less qualified than Plaintiff.

3) Gender: Hired a male attorney who failed to meet listed job requirements and was/is significantly less qualified than Plaintiff. See details in Plaintiff's Exhibits attached, #1 through #11 which Plaintiff incorporates by reference into this Original Complaint.

8. When and how the defendant has discriminated against the plaintiff:

1) Plaintiff's Exhibit #7 (*attached*) which is Plaintiff's Nov-18-14 EEOC appeal brief, is a detailed summary of events.

NOTE: Some of the attached 11 exhibits have more than one exhibit number written on them. Please follow the exhibit number that is <u>circled</u>, which should match the numbers on the Exhibit List included with this Federal Court Complaint. (*The other exhibit numbers were for the EEOC administrative process.*)

2) Note also Plaintiff's Exhibit #8, pages 1, 5 and 8 where DOJ's **Final Agency Decision** of 10-30-14 **concludes that Plaintiff "has established a prima facie case of age discrimination."** Plaintiff argues that because DOJ failed to present <u>legally ADMISSIBLE</u> evidence to rebut the **finding of prima facie age discrimination, Plaintiff should prevail.**

3) Plaintiff recounts the following supplemental information to Plaintiff's exhibits #1 through #11 which Plaintiff incorporates by reference into this Original Complaint.

On August 31, 2012, Plaintiff, a Caucasian female attorney age 71, applied for all three identical Assistant Attorney General trial attorney positions advertised as a unit in Job Announcement 12-ATT-017 Agency position LR562A (See Plaintiff's Exhibits #3. #3 (a) and (b)). Plaintiff's experience met and greatly exceeded all listed requirements ("*graduation from a top tier law school*" was not listed as a requirement).

Plaintiff, a law school Dean's List student, a professional writer, an award-winning print journalist and author for decades, is a veteran litigator who has tried hundreds of cases (*all as first chair*) as a federal and state prosecutor, served as indigent criminal defense attorney, and a criminal court judge in America's third largest city. She served as Staff attorney for CIVIL RIGHTS CASES for the federal judges in the Southern District of Texas. Plaintiff also speaks Spanish.

4) Application deadline for the three identical trial attorney positions (as a unit) was 11:59 p.m. EST on September 4, 2012.

At 10:07 p.m. one hour and 53 minutes before the deadline, selectee Paul Killebrew, a Caucasian male, applied.

At 10:56 p.m. Sept. 4, one hour and 4 minutes before the deadline, selectee Harmony Loube Jones, a black female, applied.

In an attention-getting pattern, the duo who applied within 49 minutes of each other, skating on the application deadline edge, were also

the same two out of 373 applicants who were selected for two of the three positions.

5) Jones and Killebrew also shared mutual work experience with what are generically called "Innocence Projects." Their resumes indicate they are decades younger than Plaintiff. Read very closely and carefully, their obfuscatory resumes reveal both had zero trial experience, and zero experience in the listed job requirements.

Killebrew said he wrote "about 80%" of his writing sample. Which "80%" he did not say. Jones' unsigned writing sample fragment lacked a case, court or court identification of any kind. Not only did Jones/Killebrew lack the required experience listed, but their limited beginner legal experience did not even come close to equaling Plaintiff's distinguished, solid trial and writing background.

6) After Plaintiff filed her complaint on November 24, 2012, DOJ decided they would not fill the third advertised trial attorney position in Announcement 12-ATT-017. They denied it had been cancelled. It is unclear if it remains "open."

7) Fast forward to April 8, 2014, over one and one half years after Plaintiff filed her discrimination complaint on November 24, 2012--Mark L. Gross, a "Complaint Adjudication Officer" broke his silence to disclose in an unsworn 4-8-14 statement (*Plaintiff's Exhibit #6*) that he is "aware that some of the witnesses and decision makers in this case...are Civil Rights Division employees with whom I have had professional dealings in the past."

Gross ignored follow up questions, submitted through the investigative process, as to the names to which he refers, or to define "the past," or why Gross waited almost two years to acknowledge connective relationships among the "witnesses and decision-makers."

8) Over time Plaintiff discovered that Assistant Attorney Generals Avner Michael Shapiro and Julie Abbate were apparently the persons who allegedly "reviewed" applications beginning with L, and determined which applicants merited a move to the interview stage. Plaintiff was not among those chosen for an interview.

9) When contract EEO investigator Elbert Bishop made multiple attempts to take statements from Abbate/Shapiro from March to May 2013, the duo literally fled, saying they are much too busy to give statements. Thus rebuffed, EEO contract investigator Bishop had to file his official report in 2013 without statements from those who allegedly played the most major role in Plaintiff's exclusion!

In their arrogance and willfulness, Shapiro/Abbate hid out for more than a year, until about June 2014, their supervisor Batts-Flowers ordered them to give statements. Their sea had begun to roil.

10) Even then, Shapiro/Abbate continued to evade scrutiny. Instead of them giving statements, their supervisor Section Chief Jonathan Smith, who admittedly never triaged any applications, submitted his bald speculations as to why Plaintiff was not selected for an interview.

11) Seeing rescue potential, Shapiro/Abbate grabbed gratefully at the life preserver Smith tossed to them. They parroted their supervisor Smith's

6

            inadmissible hearsay guesstimate "reasons" for Plaintiff's non selection, while, in contradiction, continuing to say they remembered nothing about anything, and took no notes.

12)    When a decision on Plaintiff's appeal was finally pried from the EEOC--dated July 27, 2016--the EEOC based their (denial) on Jonathan Smith's inadmissible hearsay, as regurgitated by amnesiacs Shapiro/Abbate. The EEOC decision letter, affirming "the Agency's final decision" in Appeal No. 0120150521 wrongly lists Plaintiff's age at application as 60.

            For further details, refer to Plaintiff's Exhibit #7 attached.

9.    The plaintiff requests that the defendant be ordered:

    (a)   ☐   to stop discriminating against the plaintiff

    (b)   ☑   to employ the plaintiff

    (c)   ☐   to re-employ the plaintiff

    (d)   ☐   to promote the plaintiff

    (e)   ☐   to _____

_____

_____ and that;

    (f)   ☑   Plaintiff seeks the following damages in law and in equity:

    1)   Liquidated (*age*).

    2)   Punitive (*willful*) (*race and gender*).

    3)   Back wages of $155,500.00 per year from approximately November, 2012, with interest, until a judgment in Plaintiff's favor is entered in this case. This is the highest pay in the range listed for

the three identical positions for which Plaintiff's background and experience qualified her.

4) Injunctions, costs, attorney's fees, and pre judgment interest on back pay award.

5) Such other relief as the court may rule is appropriate or as the court may grant in law or equity.

*E. Janice Law*
_____
(Signature of Plaintiff)

Address: 5137 Doliver Drive

Houston, Texas 77056

Email: ejalaw@comcast.net

Telephone: (713) 515-6282 (cell)

## CERTIFICATE OF SERVICE

I hereby certify that on September __15__, 2016, a copy of the Original Complaint was sent by registered mail, Return Receipt Requested, to:

Loretta E. Lynch
Attorney General for the United States
Department of Justice
10th and Constitution Ave. NW
Washington, D.C. 20530

Avner Michael Shapiro
Assistant Attorney General
Department of Justice
10th and Constitution Ave. NW
Washington, D.C. 20530

Julie Abbate
Assistant Attorney General, Deputy Chief,
Special Litigation Section
Department of Justice
10th and Constitution Ave. NW
Washington, D.C. 20530

Pam Anderson
Designated Agent
United States Attorney's Office
1000 Louisiana St., Ste 2300
Houston, TX 77002

Respectfully submitted,

By: *E. Janice Law*
Janice Law