UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELEANOR JANICE LAW, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2799 |
| JEFF SESSIONS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM & ORDER

Defendant has filed a Motion to Dismiss for Improper Venue or in the Alternative, to Transfer to the District of Columbia in this employment discrimination lawsuit. (Doc. No. 49.) Plaintiff has responded, and Defendant has replied. (Doc. Nos. 53 & 55.) After careful consideration of the parties' arguments, and the relevant statutes and caselaw, the Court finds that it must deny Defendant's motion to dismiss, but grant Defendant's motion to transfer. Accordingly, for the reasons given, this case is transferred to the District Court for the District of Columbia.

### I. BACKGROUND

Plaintiff applied for one of three Trial Attorney positions within the Special Litigation Section of the Civil Rights Division of the Department of Justice in Washington, D.C., on August 31, 2012. Several hundred other individuals also applied for these positions. Plaintiff was not one of the ten individuals selected for an interview. Ultimately, two individuals from the ten that were interviewed were selected for the position. The third opening remained vacant. Plaintiff alleges that Defendant engaged in race and gender discrimination under Title VII of the Civil Rights Act of 1964, and age discrimination under the Age Discrimination in Employment Act of

1

1967 (ADEA).

After pursuing her administrative remedies, Plaintiff filed this lawsuit on September 16, 2016. (Doc. No. 1.) She amended her complaint on October 3, 2016, and again on October 26, 2016. (Doc. Nos. 5 & 6.) Defendant answered on December 2, 2016. (Doc. No. 10.) With the Court's permission, Plaintiff amended her complaint for a third time on April 7, 2017. (Doc. No. 44.) Defendant filed this motion to dismiss in lieu of an answer on May 3, 2017. (Doc. No. 49.)

## II. ANALYSIS

### A. Motion to Dismiss

In its motion to dismiss, filed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant argues that venue in the Southern District of Texas is improper under Title VII's venue provision, 42 U.S.C. §2000e-5(f)(3). This provision provides that an action alleging employment discrimination under Title VII may be brought in 1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, 2) the judicial district in which the employment records relevant to such practice are maintained and administered, or 3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. §2000e-5(f)(3). If the respondent is not found within any of those districts, the suit may be brought within the judicial district in which the respondent has his or her principal office. *Id.*

Defendant asserts, and Plaintiff does not seem to dispute, that the allegedly unlawful employment practice occurred in the District of Columbia, where the Department of Justice ("DOJ") is based; that the relevant employment records are maintained and administered in the District of Columbia; and that Ms. Law would have worked in the District of Columbia but for the alleged unlawful employment practice. Thus, under this provision, venue would be proper in

the District of Columbia, and is improper in the Southern District of Texas.

However, as Plaintiff points out, Defendant did not raise the defense of improper venue in its initial answer in this case. Although Defendant did raise the defense in lieu of an answer to Plaintiff's third amended complaint, the Federal Rules of Civil Procedure require Defendant to raise this defense in its first pleading. Rule 12(g)(2) of the Federal Rules of Civil Procedure dictates that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." This rule has been interpreted by courts to mean that "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1388 (3d ed.); *see also Keefe v. Derounian*, 6 F.R.D. 11, 13 (N.D. Ill. 1946) (holding that because Plaintiff's amended complaint "merely corrected an insufficient allegation of diversity jurisdiction," it did not "revive the defendant's right . . . to object to the service of process, which is an objection that existed at the beginning of the case and should have been raised then.").

Here, the defense of improper venue was available to Defendant when it filed its first Answer in this case, but Defendant did not assert this defense. Because of Rule 12(g)(2), it cannot do so now. Accordingly, Defendant's motion to dismiss is denied.

**B. Motion to Transfer**

Defendant moves, in the alternative, to transfer this case to the District Court for the District of Columbia. (Doc. No. 49 at 14.) A district court may, in its discretion, transfer any civil action to any other district court where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404(a). The party seeking

transfer bears the "burden of demonstrating why the forum should be changed." *Houston Trial Reports, Inc. v. LRP Publications, Inc*., 85 F. Supp. 2d 663, 667 (S.D. Tex. 1999). "Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed." *Id.* "However, when the plaintiff's chosen forum has little or no factual connection to the case, the plaintiff's choice carries less weight." *Molina v. Vilsack*, 2009 WL 5214098, at *2 (S.D. Tex. Dec. 23, 2009) (citing *Hanby v. Shell Oil Co*., 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001)).

The first determination for the district court to make is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. As discussed above, the District Court for the District of Columbia is where the case *should* have been filed, under the venue provision of Title VII. Although Defendant has waived that defense, there is no doubt that venue would be proper in the District of Columbia.

Next, the Court must consider whether transfer would be for the "convenience of parties and witnesses" and "in the interest of justice." *Id.* The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

### i. Private Interest Factors

The first private interest factor is the relative ease of access to sources of proof. Because the allegedly discriminatory actions occurred in the District of Columbia, the District of Columbia is the location of a majority, if not all, of the important sources of proof in this case. Plaintiff indicates that most documents are stored electronically and can be transferred via email, diminishing the weight of this factor. But the Fifth Circuit has explicitly instructed District Courts not to follow the reasoning propounded by Plaintiff. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). Because all of the documents are located in the District of Columbia, this factor weighs in favor of transfer.

The second private interest factor—the availability of compulsory process to secure the attendance of witnesses—also weighs in favor of transfer. Defendant has identified eight potential witnesses in this case. All of these potential witnesses live in or around the District of Columbia. (Doc. No. 49 at 10-12.) Although DOJ can require its employees to attend trial, four of the eight witnesses no longer work for DOJ, and are no longer subject to its control. Because the District of Columbia is more than 100 miles away from the Southern District of Texas, any subpoena for these witnesses would be subject to a motion to quash under Rule 45(d)(3)(A)(ii) of the Federal Rules of Civil Procedure. Thus, if the case were to remain in the Southern District of Texas, Defendant would be unable to secure compulsory process for half of the witnesses that Defendant wishes to have testify. Accordingly, this factor weighs heavily in favor of transfer.

For the reasons explained above, the third private interest factor—the cost of attendance and convenience for willing witnesses—also weighs heavily in favor of transfer. "[I]it is the

convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994). The Fifth Circuit has found it "obvious" that it is more convenient for witnesses to testify at home, and that "additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317. As a result, the Fifth Circuit set a 100-mile threshold as follows: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id*. The parties agree that the District of Columbia is more than 1,500 miles from Houston. Defendant has identified eight potential witnesses, all of whom live in the District of Columbia. Although Defendant could not effectuate compulsory process over four of those witnesses, the cost of transporting DOJ's employees and any willing witnesses would be substantial, as would the inconvenience for those witnesses.

The fourth factor encompasses "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6. "For this factor, courts consider whether transfer would delay already protracted litigation." *JPT Grp., LLC. v. Steven Madden Retail, Inc.*, 2016 WL 3523878, at *4 (S.D. Tex. June 28, 2016) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)). However, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case." *In re Radmax, Ltd.*, 720 F.3d at 289. Here, there would be no unusual delay in transferring the case. Trial is not set until the end of the year, and

limited written discovery has occurred. Furthermore, no depositions have yet been taken.

Plaintiff argues that, as a pro se plaintiff, she would have difficulty filing pleadings if the case were transferred to the District of Columbia. The Court notes that Plaintiff, while technically pro se, has been a lawyer or judge for her entire career, and is married to a lawyer who has filed pleadings for Plaintiff on the Electronic Court Filing system. Nonetheless, the Court acknowledges that Plaintiff has stated that she has difficulty filing pleadings online. The Court finds that this factor is neutral.

### ii. Public Interest Factors

The parties do not address the first public interest factor, which concerns the administrative difficulties flowing from court congestion. The focus of this factor is "whether a trial may be speedier in another court because of its less crowded docket." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F.Supp. 3d 402, 412 (5th Cir. 2016). "In analyzing this factor courts often consider the medial time interval from case filing to disposition." *Id.* The average length of time from filing to disposition of civil cases in the District of Columbia is 7.8 months, while in Texas the length of time is 8 months. *See* U.S. District Courts—Federal Court Management Statistics (March 31, 2016) http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf. Accordingly, this factor is neutral.

The second factor is the local interest in having localized interests decided at home. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Vasquez v. El Paso II Enterprises, LLC,* 912 F. Supp. 2d 445, 451 (W.D. Tex. 2012). Here, Defendant has its headquarters in the District of Columbia, and the position at issue is one based in the District of Columbia. Furthermore, the alleged discrimination at issue took place in the District of Columbia, by residents of the District of Columbia. The only relationship that this

7

case has to the Southern District of Texas is that Plaintiff resides in Texas. Plaintiff argues that the activities of the individual attorneys in the Special Litigation Section of DOJ have nationwide impact, because they bring lawsuits throughout the United States. This may be, but Plaintiff complains of an act of discrimination that occurred in the District of Columbia, by residents of the District of Columbia, so the purview of the job she applied for is irrelevant. Thus, the second factor weighs in favor of transfer.

The third factor—the familiarity of the forum with the law that will govern the case—is neutral. Plaintiff has brought claims under two federal statutes. Thus, the District Court for the District of Columbia and the Southern District of Texas have similar levels of familiarity with the governing laws. The final public interest factor—the avoidance of unnecessary problems of conflict laws—or in the application of foreign law, is also neutral in this case.

    iii.    **Balancing the Factors**

Taken together, the factors weigh in favor of transfer. Although a plaintiff's choice of forum is normally granted deference when considering transfer, that choice carries little significance if the chosen forum has no factual nexus to the case and other factors weigh in favor of transfer. *Hanby*, 144 F. Supp. 2d at 677. As explained above, Plaintiff's chosen forum has no nexus to the case, and several of the factors weigh in favor of transfer. The others are neutral—none weighs against transfer. Furthermore, the factor that weighs most heavily in favor of transfer is one of the most important factors for a court to consider—the convenience and cost for non-party witnesses. *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994). Because the alleged discrimination occurred in the District of Columbia, all of the relevant witnesses are located in the District of Columbia, and all would have to travel to the Southern District of Texas, at great expense and inconvenience to themselves and Defendant. In

light of this and the other factors discussed above, the Court finds that this case should be transferred to the District Court for the District of Columbia.

### III. CONCLUSION

For the above reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss and **GRANTS** Defendant's Motion to Transfer.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 2nd of June, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE